FLETCHER v. HAGERMAN.

EQUITY — AGREEMENT FOR SUPPORT — SPECIFIC PERFORMANCE —
SECURITY.

The execution of a mortgage in complainant's favor, to secure his
support for the remainder of his life, was properly decreed to
cover property received by defendant, directly or indirectly,
by reason of complainant's discharge of a mortgage, where,
although it' was contemplated and agreed at the time of
the discharge that complainant's support should be secured
upon property to be received in exchange for that upon which
the discharged mortgage was an incumbrance, defendant,
after receiving the former mortgage and its discharge, de-
clined to give any security.

Appeal from Hillsdale; Chester, J. Submitted April
5, 1899. Decided June 28, 1899.

Bill by Saunders Fletcher against James P. Hagerman.
and Martha J. Hagerman to compel the execution of a
mortgage. From a decree for complainant, defendants
appeal. Affirmed.

*A. L. Guernsey* and *W. D. Fast*, for complainant.

*F. A. Lyon*, for defendants.

HOOKER, J. The defendants have appealed from a
decree requiring them to execute a mortgage upon certain
property for $1,000, in complainant's favor, to secure his
support for the remainder of his life. The decree was
based upon an alleged arrangement between them whereby
the mortgage theretofore existing was delivered to com-
plainant's daughter, one of the defendants, upon condition
that he should receive such support, and a subsequent
agreement that defendants would secure him for such
support upon other property, to be received in exchange
for the farm upon which the former mortgage was an in-

cumbrance, provided that complainant should discharge such mortgage, which he did. The learned circuit judge, who saw the witnesses, was of the opinion that it would be unconscionable for the defendants to refuse such security after receiving the former mortgage and its discharge, and in this view we concur. We are of the opinion that the defendants have been disposed to provide for the complainant, but have felt that it would be an injustice to them if required to pay or secure the amount of the original mortgage, in view of their agreement made at a time when their differences were under discussion. At that time the farm which the defendants had received from the complainant was in their possession, but, after it was proposed to part with it, he refused to discharge the mortgage unless the defendants would protect him, which they agreed to do. The circuit judge has placed a construction upon the acts and agreements of the parties which does substantial justice, and is as favorable to the defendants as they had a right to expect. We are satisfied that the Camden property was purchased with funds that indirectly came from the property received from the complainant, if it was not paid for with money received by reason of his discharge of the original mortgage. The decree of the circuit court is therefore affirmed.

GRANT, C. J., MONTGOMERY and MOORE, JJ., concurred. LONG, J., did not sit.